CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 03 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SHIKYELLA DAVIS, et al., )
                                  )    Civil Action No. 3:19CV00053
     Plaintiff,          )
                                  )    **MEMORANDUM OPINION**
v.                             )
                                  )    By: Hon. Glen E. Conrad
CITY OF CHARLOTTESVILLE     )    Senior United States District Judge
DEPARTMENT OF SOCIAL SERVICES, )
et al.,                             )
                                  )
     Defendants.        )

Shikyella Davis, proceeding pro se, commenced this action by filing a form complaint on behalf of herself and her minor children against the Charlottesville Department of Social Services and CASA.[1] Davis has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of the complaint. For the following reasons, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

According to the complaint, Davis' two minor children were temporarily removed from her custody on March 3, 2017, based on false allegations of heroin use. Davis alleges that the children were abused and brainwashed while in foster care, and that she "was forced to do a number of things in order to safely get [them back]," including drug screens and psychological tests. Compl. 4, ECF No. 2.

---

[1] CASA is the acronym for Court Appointed Special Advocates, a private organization that provides trained volunteers to advocate for the best interests of children involved in court proceedings.

Davis asserts that her and her children's "rights as humans were completely violated" as a result of the proceedings, and that "the only conclusion [she] can come to is [that] it was all for money for the gov[ernment]." Id. Davis indicates that she is filing suit under the False Claims Act. Civil Cover Sheet, ECF No. 2-1. She also seeks to recover for alleged violations of her family's "civil right[s]." Compl. 2.

## **Standard of Review**

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## **Discussion**

Liberally construed, Davis' complaint seeks relief under the False Claims Act, 31 U.S.C. §§ 3729–3733, and 42 U.S.C. § 1983. For the following reasons, the court concludes that the complaint fails to plausibly state a claim under federal law against either of the named defendants.

## I.     False Claims Act

Davis asserts that she is bringing a civil action under the False Claims Act for being "falsely accused." Civil Cover Sheet 1. In her request for relief, Davis asks that the court "integrate more federal officials within the local gov[ernments] because there is definitely fraud associated with the 'kidnapping' of children in this city and . . . others." Compl. 5.

The False Claims Act "prohibits any person from making false or fraudulent claims for payment to the United States." Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 411 (2005) (citing 31 U.S.C. § 3729(a)). The Act permits either the Attorney General or a private party to initiate a civil action alleging fraud on the United States. 31 U.S.C. § 3730. A private enforcement action under the False Claims Act is called a qui tam action. United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 932 (2009). To state a claim under the Act, the qui tam plaintiff, or relator, must allege sufficient facts to establish: (1) "that the defendant made a false statement or engaged in a fraudulent course of conduct"; (2) that "such statement or conduct was made or carried out with the requisite scienter"; (3) that "the statement or conduct was material"; and (4) that "the statement or conduct caused the government to pay out money or to forfeit money due." U.S. ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 913 (4th Cir. 2003).

Upon review of the complaint, the court concludes that it fails to state a plausible claim for relief under the False Claims Act. Although Davis alleges that her children's placement in foster care was the product of fraud, she does not assert, much less plausibly demonstrate, that the defendants made a false claim for payment to the federal government. Moreover, while private enforcement actions are permitted under the False Claims Act, they may not be brought by pro se litigants like Davis. See United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x

802, 803 (4th Cir. 2007) ("A lay person may not bring a qui tam action under the False Claims Act."). Accordingly, summary dismissal of this claim is appropriate.

## II. Section 1983

Because Davis alleges that her and her children's "civil rights" were violated, the court also construes the complaint as being brought under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege sufficient facts to establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

After reviewing the complaint, the court concludes that it fails to state a plausible claim under § 1983 against either of the named defendants. First, the Charlottesville Department of Social Services, which is considered an arm of the state, is not a "person" subject to suit under § 1983. See Manning v. S.C. Dep't of Highway & Pub. Transp., 914 F.2d 44, 48 (4th Cir. 1990) (explaining that state agencies are not "persons" amenable to suit under § 1983); Doe v. Mullins, No. 2:10-cv-00017, 2010 U.S. Dist. LEXIS 74080, at *4 (W.D. Va. July 22, 2010) (holding that the Wise County Department of Social Services was "properly characterized as an arm of the state" and therefore "not [a] 'person[]'" subject to liability under § 1983). Second, the complaint is devoid of sufficient allegations to establish that CASA, a private organization, acted under color of state law or was personally involved in any alleged violation of the plaintiffs' rights. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (explaining that "the

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citation omitted); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (emphasizing that "[t]he doctrine of respondeat superior has no application under [§ 1983]," and that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights") (internal quotation marks and citations omitted). Third, Davis does not identify any particular constitutional or statutory right that was purportedly violated by the defendants. Accordingly, the complaint fails to state a plausible claim for relief under § 1983.[2]

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

DATED: This 3rd day of October, 2019.

_____
Senior United States District Judge

---

[2] To the extent that the complaint could be construed to assert claims under state law, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c)(3).